United States District Court
Southern District of Texas

**ENTERED**

February 17, 2017

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-1217 |
| | § | |
| FACE 2 LOUNGE, INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff J&J Sports Productions, Inc.'s ("J&J") motion for default judgment. Dkt. 7. After considering the complaint, motion, and evidentiary record, the court is of the opinion that the motion should be GRANTED against defendant Face 2 Lounge, Inc. individually, and d/b/a Face 2 Lounge d/b/a Face 2, and defendant Mabel Michael, individually, and d/b/a Face 2 Lounge d/b/a Face 2 (collectively, "Defendants").

### I. BACKGROUND

J&J is a broadcast licensee authorized to exclusively sublicense the closed-circuit telecast of the May 4, 2013 Floyd Mayweather, Jr. v. Roberto Guerrero, WBC Welterweight Championship Fight Program (the "Event"). Dkt. 1 at 3. J&J was licensed to exhibit the Event at closed-circuit locations, such as theaters, arenas, bars, clubs, lounges, restaurants, and other commercial establishments throughout Texas. *Id.* The closed-circuit broadcast of the Event may be exhibited in a commercial establishment only if the establishment is contractually authorized by J&J. *Id.* J&J contracted with various establishments throughout the state and granted those establishments the right to broadcast the Event in exchange for sublicense fees. *Id.* After receiving sublicense fees,

J&J provided these establishments with the electronic decoding capability or satellite coordinates necessary to receive the satellite transmission of the Event. *Id.* at 3–4.

On May 3, 2016, J&J brought this lawsuit, alleging that the Defendants violated the Federal Communications Act of 1934, 47 U.S.C. §§ 553 or 605, by unlawfully intercepting the interstate communication of the Event and exhibiting the Event to patrons at Face 2 Lounge without paying the required sublicense fee. *Id.* at 4–5. On June 17, 2016, the Defendants were properly served with process through Face 2 Lounge's registered agent, Mabel Michael. Dkt. 5. Defendants' deadline to answer or otherwise respond was July 8, 2016. *See* Fed. R. Civ. P. 12(a). Defendants were informed of their deadline for responding and to date the Defendants have not answered or otherwise responded to this lawsuit. Dkt. 5; Dkt. 6 at 6 (Diaz Aff.).

On August 25, 2016, J&J moved for entry of default judgment against the Defendants. Dkt. 7. Pursuant to the Local Rules of the Southern District of Texas, J&J served the motion for default judgment upon the Defendants via certified mail, with return receipt requested. *Id.* at 11; *see also* S.D. Tex. L.R. 5.5. Defendants failed to respond to the motion for default judgment.

## II. LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Defendants have failed to plead or otherwise defend against this lawsuit. Further, J&J properly served the Defendants with this lawsuit under the Federal Rules and with the motion for default judgment under the Local Rules. Given the Defendants' failure to answer the complaint in a timely manner, the court: (1) has the authority to enter default against them, (2) accept all well-pleaded facts in J&J's

complaint as true, and (3) award the relief sought by J&J in this action. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

J&J initially alleged that the Defendants violated either 47 U.S.C. §§ 553 or 605. Dkt. 1 at 5. J&J now moves for judgment under 47 U.S.C. § 605. Dkt. 7 at 4. Section 605 is applicable here because transmission of the Event originated via satellite. Dkt. 7, Ex. A at 3; *see also J&J Sports Prods., Inc. v. Flor De Cuba, TX, Inc.*, No. 13-CV-3282, 2014 WL 6851943, at *2 (S.D. Tex. Dec. 3, 2014) (Rosenthal, J.) (noting that Section 605 applies to the theft of radio and satellite communications, whereas Section 553 applies to the theft of communications from a cable network). Section 605 is a strict liability statute. *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. 2014) (Harmon, J.). To establish liability, J&J must show that (1) the Event was exhibited in Michael's Face 2 Lounge establishment and (2) J&J did not authorize the particular exhibition of the Event. *Id.* J&J's well-pleaded complaint and affidavits establish both of these elements. Dkt. 1 at 3–4; Dkt. 7, Exs. A, A–2.

J&J seeks (1) statutory damages of $10,000; (2) additional damages of $50,000; (3) attorneys' fees of either a one-third contingent fee or $1000; (4) costs; (5) post-judgment interest; and (6) a permanent injunction against the Defendants. Dkt. 7 at 9–10; Dkt. 7, Ex. B at 4.

The court may award statutory damages between $1,000 and $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). The court finds that a statutory damages award of $5,000 is appropriate in this case. Here, J&J could have charged $2,200 for a venue comparable to Face 2 Lounge. *See* Dkt. 7, Ex. A-2 (stating that Face 2 Lounge has a capacity of approximately 60 people); Dkt. 7, Ex. A-3 (advertising a charge of $2,200 for a venue seating 0-100 people). An additional $2,800 is reasonable to deter future violations.

3

The court may award additional damages of up to $100,000 where the violation was committed willfully and for the purposes of private financial gain or commercial advantage. 47 U.S.C. § 605(e)(3)(C)(ii).  An award of additional damages is warranted here because the Defendants must have acted willfully and for the purposes of private financial gain in receiving the unauthorized satellite signal and displaying the Event to its customers. *See Time Warner Cable of N.Y.C. v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems.").  The court finds that an award of additional damages that is double the statutory damages is appropriate.  *See Joe Hand Promotions, Inc. v. Chios, Inc.*, No. 4:11-CV-2411, 2012 WL 3069935, at *5 (S.D. Tex. July 27, 2012) (Hoyt, J.) ("Generally, it is reasonable to increase an actual or statutory damages award by a multiplier to penalize Defendants for willful acts."), *aff'd*, 544 F. App'x 444 (5th Cir. 2013).  Therefore, the court awards $10,000 in additional damages.

The court is required to award full costs, including reasonable attorneys' fees.  47 U.S.C. § 605(e)(3)(B)(iii).  Attorneys' fees will be awarded in the amount of $1,000 because the court finds that four hours of work at a blended rate of $250 is reasonable.  Dkt. 7, Ex. B at 4–6.  Costs will be taxed in favor of J&J.

J&J is entitled to recover damages against the Defendants as detailed above, plus post-judgment interest at the rate of 0.80% per annum. There shall be no award of pre-judgment interest

Furthermore, J&J is entitled to recover the following conditional awards of attorneys' fees from the Defendants in the following circumstances:

a.   Ten Thousand Dollars ($10,000.00) in the event the Defendants file a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in this action;

b.   Fifteen Thousand Dollars ($15,000.00) in the event the Defendants file an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

c.   Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of judgment obtained in this action;

d.   Ten Thousand Dollars ($10,000.00) for an appeal to the U.S. Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of judgment obtained in this action; and

e.   Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should J&J obtain a writ of execution, writ of garnishment, writ of attachment, or other process.

Finally, the court may award a temporary or permanent injunction to "prevent or restrain" violations of the statute. 47 U.S.C. § 605(e)(3)(B)(i). The court finds that an injunction is warranted in these circumstances and GRANTS J&J's request for a permanent injunction against the Defendants.

### III. Conclusion

For the foregoing reasons, J&J's motion for default judgment (Dkt. 7) is GRANTED. The court will enter a separate final judgment against the Defendants consistent with this order.

Signed at Houston, Texas on February 17, 2017.

_____
Gray H. Miller
United States District Judge

5